[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12295
Non-Argument Calendar

_____

D.C. Docket No. 1:05-cr-00268-ODE-JSA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENDRICK TERRELL,
a.k.a. Kendrick,
a.k.a. Robert Smith,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2021)

Before JILL PRYOR, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Kendrick Terrell appeals the district court's order denying his motion to reduce his sentence under § 404(b) of the First Step Act of 2018. Because the district court lacked the authority to reduce his sentence, we affirm.

I.

In 2006, Terrell pled guilty to one count of conspiring to distribute and possess with intent to distribute at least one kilogram of heroin and at least 50 grams of crack cocaine and one count of distributing at least 50 grams of crack cocaine. Because Terrell had at least one prior conviction for a felony drug offense, he faced a mandatory minimum sentence of 20 years' imprisonment on each count. *See* 21 U.S.C. § 841(b)(1)(A)(i), (iii) (2006).

At the sentencing hearing, the district court calculated Terrell's guidelines range as 210 to 262 months' imprisonment but explained that he was subject to a minimum sentence of 240 months' imprisonment on each count. The district court ultimately sentenced him to two concurrent terms of 240 months.

In 2010, Congress passed the Fair Sentencing Act to address disparities in sentences between offenses involving crack cocaine and those involving powder cocaine. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see also Kimbrough v. United States*, 552 U.S. 85, 97–100 (2007) (providing background on disparity). The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the highest statutory penalties from 50 grams to 280 grams and the quantity

2

of crack cocaine necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2; 21 U.S.C § 841(b)(1)(A)(iii), (B)(iii). But the Fair Sentencing Act's reduced penalties applied only to defendants who were sentenced on or after the Fair Sentencing Act's effective date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Recently, Congress passed the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (2018). Among other things, the First Step Act gives district courts the discretion "to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to movants sentenced before those penalties became effective." *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020).

After the First Step Act went into effect, Terrell filed a motion in the district court seeking a sentence reduction. After considering submissions from Terrell and the government, the district court denied Terrell's motion with respect to the conspiracy count. The court found that Terrell was ineligible for a reduction on this count because the conspiracy involved heroin and thus did not qualify as a covered offense under the First Step Act.[1]

---

[1] The district court found that Terrell was eligible for a sentence reduction for the distribution offense, which involved only crack cocaine, and reduced his sentence on this count to 120 months. But this reduction had no effect on the total length of Terrell's sentence because the sentence for the distribution offense ran concurrently with the sentence for the conspiracy offense, which remained unchanged.

This is Terrell's appeal.

## II.

We review *de novo* whether a district court had authority to modify a term of imprisonment under the First Step Act. *Jones*, 962 F.3d at 1296.

## III.

District courts generally lack the authority to modify a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). But the First Step Act permits district courts to reduce some previously-imposed terms of imprisonment for offenses involving crack cocaine. *See* First Step Act § 404. When a movant has a "covered offense," a district court has discretion to grant a sentence reduction and shall impose a sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b).

In *Jones*, we addressed when the First Step Act authorizes a district court to reduce a movant's sentence. We explained that to be eligible for a sentence reduction, a movant must have a "covered offense," meaning he has to have been sentenced for a crack-cocaine offense that triggered the higher penalties in § 841(b)(1)(A)(iii) or (B)(iii). *Jones*, 962 F.3d at 1298. But even when a movant has a conviction for a covered offense, a district court is not necessarily authorized to reduce his sentence because the First Step Act specifies that the district court has to impose a reduced sentence "as if" the Fair Sentencing Act had been in effect at

4

the time the covered offense was committed. *Id.* at 1303 (internal quotation marks omitted). When a movant's sentence is already equal to what his mandatory-minimum sentence would have been under the Fair Sentencing Act, he is ineligible for a sentence reduction because his "sentence would have necessarily remained the same had the Fair Sentencing Act been in effect." *Id.*

On appeal, Terrell argues that the district court erred in concluding that his conspiracy conviction did not qualify as a covered offense under the First Step Act. Because we recently held that a multi-drug conspiracy offense that includes both crack cocaine and another controlled substance qualifies as a covered offense, *United States v. Taylor*, 982 F.3d 1295, 1299–1300 (11th Cir. 2020), we conclude that the conspiracy conviction was a covered offense.

Even though Terrell had a covered offense, the district court still lacked the authority to reduce Terrell's sentence for the conspiracy conviction. If Terrell had been sentenced under the Fair Sentencing Act, given his prior conviction for a felony drug offense and the fact that the conspiracy involved at least one kilogram of heroin, the statutory penalty range for the conspiracy offense would have been 20 years to life. *See* 21 U.S.C. § 841(b)(1)(A)(1) (2011). Because Terrell's current sentence of 20 years is equal to the lowest statutory penalty that would have been available under the Fair Sentencing Act, the district court lacked the authority to reduce his sentence. *See Jones*, 962 F.3d at 1303.

5

**AFFIRMED.**